IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Lee Stein,<br><br>                Plaintiff,<br><br>v.<br><br>City of Mesa Police Department Officer T. Zachary, et al.,<br><br>                Defendants. | No. CV-15-00942-PHX-SPL (BSB)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on its own review. On May 26, 2015, Plaintiff, proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1.) On August 6, 2015, the Court granted Plaintiff in forma pauperis status, screened the Complaint, and ordered the United States Marshal Serve (USMS) to serve Defendant Colburn.[1] (Doc. 10.) The Court ordered that failure to serve Defendant Colburn within 120 days of filing the Complaint or within sixty days of the August 6, 2015 order, whichever is later, could result in dismissal of this action.[2] (*Id.* at 12.)

Plaintiff returned a service packet for service on Defendant Colburn. However service at that address was returned unexecuted because Defendant Colburn "is no longer

---

[1] The Court dismissed Plaintiff's claims against the several other defendants named in the Complaint. (Doc. 10 at 12.)

[2] The 120-day deadline was derived from Rule 4(m) of the Federal Rules of Civil Procedure. That rule was amended effective December 1, 2015 to shorten the service deadline to ninety days after the complaint is filed. However, because Plaintiff filed his Complaint in May 2015, the Court applies Rule 4 as it existed before the December 1, 2015 amendment.

employed [with] Mesa PD [police department]." (Doc. 16 at 1.) Therefore, the Court ordered Plaintiff to show cause on or before December 7, 2015 why this cause of action should not be dismissed for failure serve Defendant Colburn. (Doc. 17); *see* Fed. R. Civ. P. 4(m). Plaintiff did not respond to the order to show cause by the deadline. Therefore, on December 11, 2015, the assigned magistrate judge recommended that this matter be dismissed for failure to serve. (Doc. 20.) On December 21, 2015, Plaintiff filed an untimely response to the order to show cause. (Doc. 21.) Plaintiff explained that he had been released from prison on October 29, 2015 and was trying to find legal assistance. (*Id.*) In an abundance of caution, on January 6, 2016, the Court granted Plaintiff a sixty-day extension of time to serve Defendant Colburn. (Doc. 22.) That deadline passed and Plaintiff did not serve Defendant Colburn.

Accordingly, on March 24, 2016, the Court ordered Plaintiff to show cause on or before April 7, 2016 why this matter should not be dismissed without prejudice for failure to serve pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (Doc. 24.) Plaintiff has neither responded to the March 24, 2016 Order nor served Defendant Colburn. Therefore, the Court recommends that this matter be dismissed for failure to serve and for failure to comply with Court orders. *See* Fed. R. Civ. P. 4(m) and 41(b).

Accordingly,

**IT IS RECOMMENDED** that this matter be dismissed without prejudice for failure to serve and for failure to comply with Court orders pursuant to Fed. R. Civ. P. 4(m) and 41(b).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the

1  Magistrate Judge's Report and Recommendation may result in the acceptance of the
2  Report and Recommendation by the District Court without further review.  *See United*
3  *States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to file timely
4  objections to any factual determinations of the Magistrate Judge may be considered a
5  waiver of a party's right to appellate review of the findings of fact in an order or
6  judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Fed. R. Civ.
7  P. 72.

Dated this 18th day of April, 2016.

*Bridget S. Bade*
Bridget S. Bade
United States Magistrate Judge